# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JENNIFER RENE BARELA,

    Petitioner,

v.                                                     No. 19-cv-269 KG/KBM
                                                         No. 17-cr-1878 KG

UNITED STATES OF AMERICA,

    Respondent.

## ORDER TO SHOW CAUSE

Before the Court is Petitioner Jennifer Rene Barela's 28 U.S.C. § 2255 Habeas Corpus Motion (CV Doc. 1). Petitioner asks the Court to vacate her methamphetamine conviction based on, inter alia, ineffective assistance of counsel. Having reviewed the record *sua sponte* under Habeas Corpus Rule 4, the Court will require Petitioner to show cause why her Motion should not be dismissed as untimely.

## I. Procedural Background

On July 14, 2017, Petitioner pled guilty to possession with intent to distribute 50 grams or more of methamphetamine. (CR Doc. 33). The Court (Hon. Sidney Stein) sentenced her to 120 months imprisonment. (CR Doc. 41). Judgment on the conviction and sentence was entered September 27, 2017. *Id.* Petitioner did not appeal. The Judgment therefore become final no later than October 12, 2017, following the expiration of the 14-day appeal period. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment).

About eighteen months later, on March 25, 2019, Petitioner filed a § 2255 Motion. (CV Doc. 1). She amended the Motion on May 7, 2019. (CV Doc. 2).

## II. Timeliness of the § 2255 Petition

Motions for a writ of habeas corpus by a person in federal custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2255(f). The one-year limitation period can be extended where:

(1) The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3) The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence." § 2255(f)(4).

Equitable tolling may also available "when an inmate diligently pursues his [or her] claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, the one-year period began to run on October 12, 2017, when the conviction became final. There are no tolling events evident from the record. The limitation appears to have expired on October 12, 2018, about six months before Petitioner filed her Motion. Accordingly, the Court will require Petitioner to show cause within thirty (30) days of entry of this Order why her § 2255 Motion should not be dismissed as time-barred. Failure to timely respond or demonstrate grounds for tolling may result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be may be raised by a court *sua sponte*…. [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set

aside.")

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Petitioner must file a response showing cause, if any, why her § 2255 Motion should not be dismissed as time-barred.

_____
UNITED STATES MAGISTRATE JUDGE